UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BANK OF NEW YORK MELLON
AS TRUSTEE FOR NATIONSTAR
HOME EQUITY TRUST 2007-A,

    Plaintiff,

v.                                                              Case No: 8:15-cv-2954-T-30EAJ

JANICE L. PEDERSEN and
STEPHEN J. PEDERSEN,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand (Dkt. 15). Upon review and consideration, the motion is denied. Plaintiff's motion, which merely attacks a procedural issue, i.e., the timeliness of Defendants' removal, was not filed within thirty days of the December 30, 2015 removal. Plaintiff argues, however, that the Court should excuse the delay because Plaintiff was not properly served with the notice of removal. Even assuming this is true, the Court's docket reflects that Plaintiff's counsel, Kari Martin, was mailed multiple filings in this case during the thirty-day period of time. For example, the docket reflects that Martin was mailed the Related Case Order and Notice of Designation under Local Rule 3.05 on January 4, 2016, well within the thirty-day period of time. On January 5, 2016, an Order directing Martin to comply with the Court's administrative procedures regarding electronic filings was mailed to Martin. On January 8, 2016, Martin was mailed the Defendants' Answer and Notice of Pendency of Related

Cases.   And on March 1, 2016, the docket reflects that a courtesy call was made to Martin to remind her that she needed to comply with the Court's CM/ECF requirements – the entry states that the Court's Judicial Assistant "[l]eft detailed message requesting compliance." Subsequent filings were mailed to Martin as well.

In sum, the motion to remand attacks only the timeliness of the removal; this procedural defect argument must be made within thirty days of the removal.   The instant motion was filed on May 5, 2016, more than four months after the removal and claims ignorance of the removal until April 5, 2016.   The excuse for the untimeliness is belied by the record.   As such, the motion to remand is untimely and must be denied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Remand (Dkt. 15) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of May, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record