# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THE BANK OF NEW YORK MELLON
AS TRUSTEE FOR NATIONSTAR
HOME EQUITY TRUST 2007-A,

    Plaintiff,

v.                                                  Case No: 8:15-cv-2954-T-30EAJ

JANICE L. PEDERSEN and
STEPHEN J. PEDERSEN,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon "Defendants' Motion for Reconsideration of Previous Motion at Document Entry #8 and Motion to Set Aside Default Judgment" (Dkt. 17). Upon review and consideration, the motion is granted in part.

Defendants are proceeding in this case *pro se*. On April 4, 2016, Defendants filed an "Emergency Notice," requesting that the Court enter sanctions against Plaintiff because, after Defendants' December removal of this case, Plaintiff continued to file motions and discovery requests in the state court action. The Court declined to enter sanctions.

Defendants' instant motion argues that, based on Plaintiff's repeated filings in state court after the removal of this case, the State Court Judge, Mark D. Kiser, entered an Order Granting Motion for Judicial Default on April 22, 2016. Defendants attach the Order for the Court's review. Under these circumstances, although the Court declines to reconsider

its prior Order to the extent that it concluded that sanctions against Plaintiff were not warranted, the Court grants Defendants' motion to the extent that any filings entered in the state court action *after* Defendants' removal of the action shall have no weight or merit in this action. These filings and orders simply have no judicial effect because the state court did not have jurisdiction after the removal of the case.

It is therefore ORDERED AND ADJUDGED that:

1. "Defendants' Motion for Reconsideration of Previous Motion at Document Entry #8 and Motion to Set Aside Default Judgment" (Dkt. 17) is granted in part and denied in part as explained herein.

2. The parties shall confer and file a Joint Case Management Report within fourteen (14) days of this Order. Any failure on the part of any party to meet and confer in good faith during this period of time may subject that party to sanctions.

3. The Court also reminds the parties of their duty to litigate this case in good faith. The Court will not hesitate to enter sanctions against any party for dilatory conduct.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of May, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record