**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE BANK OF NEW YORK MELLON
AS TRUSTEE FOR NATIONSTAR
HOME EQUITY TRUST 2007-A,

Plaintiff,

v. CASE NO: 8:15-CV-2954-T-30AAS

JANICE L. PEDERSEN and
STEPHEN J. PEDERSEN,

Defendants.
_____________________________________/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment of Foreclosure, Re-Establishment of Lost Note, and Request for Award of Attorney's Fees in Rem (Dkt. 34), Defendants' Response to Plaintiff's Motion for Summary Judgment (Dkt. 41), Defendants' Motion to Dismiss for Plaintiff's Lack of Standing (Dkt. 38) and Plaintiff's Response (Dkt. 46). The Court, having reviewed the filings and the record evidence, concludes that Plaintiff's motion should be granted and Defendants' motion should be denied.

## BACKGROUND

This is an action to foreclose a mortgage on real property in Hillsborough County, Florida and to re-establish a lost promissory note. Defendant, Stephen J. Pedersen (the

"Borrower") executed a Promissory Note ("Note") dated October 26, 2006, and Defendants Janice L. Pedersen and Stephen J. Pedersen (husband and wife), executed a Mortgage ("Mortgage") dated October 26, 2006, securing payment of the Note. The Mortgage was recorded on November 8, 2006, in Official Records Book 17151, Page 1170, of the Public Records of Hillsborough County, Florida. A copy of the Note and Mortgage are in the record.

In order to secure the indebtedness arising under the Note, Defendants executed and delivered the Mortgage to Nationstar Mortgage, LLC. The Mortgage was acquired from the original lender by The Bank of New York Mellon as Trustee for Nationstar Home Equity Trust 2007-A, the Plaintiff herein ("The Bank of New York Mellon") prior to the filing of the complaint. The Bank of New York Mellon still holds the Note.

The record is undisputed that the Mortgage is and has been in default due to Defendants' failure to make timely payments pursuant to the terms of the Note and Mortgage.

The Bank of New York Mellon moves for summary judgment on its claims. The Court concludes that the record is undisputed that The Bank of New York Mellon is entitled to final judgment.

## STANDARD OF REVIEW

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

**DISCUSSION**

The record is undisputed that Plaintiff is the holder of the Mortgage and Note with standing to foreclose the same. *See Lindsey v. Wells Fargo Bank, N.A.*, 139 So. 3d 903, 906 (Fla. 1st DCA 2013) (citing *Mazine v M & I Bank*, 67 So. 3d 1129, 1132 (Fla. 1st DCA 2011)). The record is also undisputed that Plaintiff is entitled to judgment on its claim to re-establish the Note. Plaintiff's Affidavit of Lost Instrument reflects that the Note has been lost or destroyed and cannot be retrieved. Plaintiff is entitled to re-establish and enforce the instrument pursuant to Fla. Stat. § 673.3091 (2016). As set forth in the Affidavit of Lost Instrument, The Bank of New York Mellon acquired the loan from the original lender, Nationstar Mortgage, LLC. A copy of the record evidencing receipt of the Note is attached as an exhibit to the Affidavit of Lost Instrument. Furthermore, a true and correct copy of the Note is attached as an exhibit to the Affidavit of Lost Instrument.

Defendants, who are proceeding in this action *pro se*, assert two main arguments as to why the Court should not grant Plaintiff's motion: Plaintiff lacks standing and the statute of limitations has run. Defendants' arguments are without merit. With respect to Plaintiff's standing, Defendants argue that foreclosure is improper because they were granted a discharge in their bankruptcy proceedings filed in the United States Bankruptcy Court, Middle District of Florida, Tampa Division (the "Bankruptcy Court"), Case No. 8:13-bk-10907-MGW, Chapter 7 on May 22, 2014. The record reflects that, while Defendants did receive a Discharge of Joint Debtors, an Order was subsequently entered by the Bankruptcy Court stating that foreclosure may proceed against Defendants' property in rem and that foreclosure proceedings initiated by The Bank of New York Mellon and Nationstar were proper as Nationstar had already received relief from the automatic stay. Notably, Plaintiff seeks no payment from Defendants directly under the Note and Mortgage for any sums due thereunder, including attorney's fees and costs, but only in rem against the real property which is sought to be foreclosed in this case.

With respect to the statute of limitations, Defendants argue that the five-year statute of limitations under Section 95.11 of the Florida Statutes expired prior to the time that this case was commenced. Defendants' argument fails under Florida law. Specifically, in *Collazo v. HSBC BANK USA, N.A.*, 2016 WL 1445419, at *1 (Fla. 3d DCA April 13, 2016), the Plaintiff HSBC commenced the foreclosure in question on January 2014, over five years

after (a) the alleged payment default; (b) acceleration of the entire indebtedness in a notice sent to the Collazos in 2008, and (c) the commencement of a previous foreclosure suit in 2008 which was dismissed without prejudice in 2011 (following HSBC's failure to comply with a court order). HSBC received a foreclosure judgment and the Collazos appealed, alleging that the statute of limitations had expired before the foreclosure complaint was filed. The court concluded that the five-year statute of limitations did not bar a second foreclosure filed on a subsequent payment default occurring with the five-year statutory period preceding the commencement of the second suit. The court reversed judgment in part, but only insofar as it directed the court below to limit the judgment amount to exclude monthly installment payments "due over five years before the commencement of the second foreclosure suit by HSBC." *Id*. Accordingly, Florida law makes clear that this foreclosure action is not precluded by the statute of limitations as long as it is based on separate defaults, i.e., defaults that were not due over five years before the commencement of this action. *See Dorta v. Wilmington Trust Nat'l Ass'n*, Case No. 5:13-cv-185-Oc-10PRL, 2014 WL 1152917, at *6 (M.D. Fla. March 24, 2014) ("even where a mortgagee initiates a foreclosure action and invokes its right of acceleration, the mortgagee's foreclosure action is unsuccessful for whatever reason, the mortgagee still has the right to file later foreclosure actions. . . so long as they are based on separate defaults.").

Finally, the Court grants Plaintiff's request for reasonable attorney's fees and costs. The Note and Mortgage provide Plaintiff's entitlement for fees and costs in the event it is forced to foreclose. The supporting Affidavits regarding fees reflect reasonable attorney's

fees in the amount of $3,852.00. Accordingly, Plaintiff is entitled to fees in this amount—the fees are awarded in rem in the foreclosure only and not against Defendants personally in accordance with the Bankruptcy Order as discussed above.

In sum, the Court concludes that Plaintiff is entitled to summary judgment. The record makes clear—and, indeed, Defendants do not dispute many of the material allegations—that Plaintiff is entitled to the relief it seeks. Accordingly,

it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment of Foreclosure, Re-Establishment of Lost Note, and Request for Award of Attorney's Fees in Rem (Dkt. 34) is GRANTED.
2. Defendants' Motion to Dismiss for Plaintiff's Lack of Standing (Dkt. 38) is DENIED.
3. Plaintiff shall file a proposed final judgment for the Court's review within fourteen (14) days of this Order.
4. Plaintiff's proposed final judgment shall include a written indemnification agreement as adequate protection to Defendants against any loss that might occur if a claim were brought by another party to enforce the instrument. *See Blitch v. Freedom Mortg. Corp.*, 185 So. 3d 645, 646 (Fla. 2d DCA 2016) (noting that "this post-proof condition is satisfied through a written indemnification agreement in the final judgment, the posting of a surety bond,

a letter of credit, a deposit of cash collateral with the court, or such other security as the court may deem appropriate under the circumstances.").

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2015\15-cv-2954 msj 34.wpd*