UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BANK OF NEW YORK MELLON      CASE NO:  8:15-CV-2954-T-30AAS
AS TRUSTEE FOR NATIONSTAR
HOME EQUITY LOAN TRUST 2007-A,

    Plaintiff,

v.

JANICE L. PEDERSEN a/k/a JANICE
LAVERNE PEDERSEN, et al.,

    Defendants.
_____,

# FINAL JUDGMENT OF FORECLOSURE IN REM

PURSUANT TO the Court's Order of October 27, 2016, (Dkt. 47) Final Judgment of Foreclosure is GRANTED against Defendants Janice L. Pedersen and Stephen J. Pedersen:

1.    Amounts Due and Owing:  Plaintiff, The Bank of New York Mellon as Trustee for Nationstar Home Equity Trust 2007-A, is due the following amounts:

| | |
|---|---|
| Current Unpaid Principal Balance: | $118,685.98 |
| Interest from 08/01/2009 through 01/31/2011 | $ 15,811.74 |
| Interest from 11/01/2011 through 08/31/2016 | $ 37,000.52 |
| Interest from 09/01/2016 through 09/12/2016 | $     230.71 |
| Per Diem:      $20.97 | |
| Late Charges | 0 |
| Inspection Fee: | $     478.80 |
| Hazard Insurance Advances: | $  3,226.21 |
| TOTAL: | $175,433.96 |
| Reasonable attorney's fees: | $3,852.00 |

2. Interest: In accordance with Fla. Stat. Section 55.03, statutory interest shall be payable at a rate of 4.91%, and shall be adjusted annually on January 1st of each year in accordance with the interest rate in effect on that date as set by the Chief Financial Officer until the Judgment is paid.

3. Lien on Property: Plaintiff, whose address is c/o Nationstar Mortgage, LLC, 8950 Cypress Waters Boulevard, Coppell, Texas 75019, holds a lien for the grand total sum superior to all claims or estates of the defendants on the following described property in Hillsborough County, Florida:

All that certain land situate in Hillsborough County, Florida, to wit:

Lots 1 and 2 in Block 1 of Stallwood Subdivision in accordance with plat thereof recorded in Plat Book 19, at Page 58 of the Public Records of Hillsborough County, Florida.

P-29-28-22-5CM-000001-00001.0

803 Saunders Street, Plant City, Florida  33563

4. **Sale of Property:** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on **TUESDAY, JANUARY 17, 2017, AT 10:00 A.M.** to the highest bidder for cash, except as prescribed in Paragraph 5, below, on the steps of the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

5. Costs: Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If Plaintiff is the purchaser, the Clerk shall credit

Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it as necessary to pay the bid in full.

      6.      Distribution of Proceeds of Sale:  On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying:  first, all of Plaintiff's costs;  second, documentary stamps affixed to the Certificate; Third, Plaintiff's attorney's fees; fourth the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribe in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further Order of this Court.

      7.      Right of Redemption/Right of Possession:  On filing the Certificate of Sale, Defendants and all persons claiming under or against Defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim on the property and the purchaser at the sale, except as to claims or rights under Chapter 718 or 720, Florida Statutes, if any.  Upon filing the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property.  If any defendant remains in possession of the property, the Clerk shall without further Order of the Court issue forthwith a writ of possession upon request of the person named on the Certificate of Title.

      8.      Jurisdiction Retained:  Jurisdiction of this action is retained for a period of one (1) year from the date of this Final Judgment in order to enter further orders that are proper, including, without limitation, writs of possession, a deficiency decree (if sought and appropriate), orders granting leave to file supplemental and/or amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.

9. In Rem: This Final Judgment is limited to in rem relief. In personam relief shall not be had against Defendants.

10. Indemnification Due to Lost Note: As part of granting Plaintiff's Motion for Summary Judgment, the Court also granted the Plaintiff' Motion for Re-Establishment of Lost Note. By agreement of Plaintiff, Plaintiff will indemnify Defendants against any actual loss that might occur if a claim were brought by another party to enforce the lost instrument.

11. The Clerk is directed to terminate any pending motions as moot and close this case.

Done and Ordered in Tampa, Florida, on November 18, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Janice L. Pedersen
Stephen J. Pedersen
803 West Saunders Street
Plant City, FL  33563

H. Keith Thomerson, Esquire
822 A1A North, Suite 304
Ponte Vedra Beach, FL  32082
kthomerson@chartwelllaw.com