UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BANK OF NEW YORK MELLON
AS TRUSTEE FOR NATIONSTAR
HOME EQUITY LOAN TRUST 2007-A,

      Plaintiff,

v.                                                        Case No.: 8:15-cv-2954-JSM-AAS

JANICE L. PEDERSEN a/k/a JANICE
LAVERNE PEDERSEN, et al.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Bank of New York Mellon (BONYM) moves to reschedule a foreclosure sale as part of the final judgment in this matter. (Doc. 62). Defendants Stephen Pederson and Janice Pedersen respond in opposition. (Doc. 63).

## I.  BACKGROUND

BONYM initiated this litigation "to foreclose a mortgage on real property in Hillsborough County, Florida" Defendants defaulted on "and to re-establish a lost promissory note" executed by Mr. Pedersen. (Doc. 47, pp. 1–2). An October 27, 2016 order on BONYM's motion for summary judgment of foreclosure concluded "[t]he record is undisputed that [BONYM] is the holder of the Mortgage and Note with standing to foreclose the same . . . [and BONYM]

is entitled to judgment on its claim to re-establish the Note . . . pursuant to [§ 673.3091, FLA. STAT., (2016)]." (*Id.* at 2–3). The October 27, 2016 order rejected Defendants' assertions that BONYM lacked standing to raise their claims and BONYM's claims were barred under the relevant statute of limitations. (*Id.* at 4–5). The October 27, 2016 order granted BONYM's motion for summary judgment of foreclosure, as well as BONYM's request for reasonable attorneys' fees. (*Id.* at 6).

As part of the court's November 18, 2016 final judgment in this matter, in the event Defendants could not pay the $175,433.96 plus statutory interest in damages and $3,853.00 in attorneys' fees, the court required a public sale of the foreclosed property to be conducted on January 17, 2017. (Doc. 50, pp. 1–2). Defendants appealed the court's grant of summary judgment on November 21, 2016. (Doc. 52). A January 13, 2017 order granted BONYM's motion to cancel the January 17, 2017 foreclosure sale in light of Defendants' pending appeal. (Doc. 55). The Eleventh Circuit affirmed the court's grant of summary judgment on December 18, 2017. (Doc. 59).

Nearly four and a half years after the Eleventh Circuit affirmed the court's grant of summary judgment, BONYM now moves to reschedule the previously canceled foreclosure sale. (Doc. 62). Defendants argue the foreclosure sale cannot be rescheduled by this court because this court no longer possesses jurisdiction over this matter. (Doc. 63).

## II.   ANALYSIS

"Under Florida law, a trial court loses jurisdiction to hear a case once it enters final judgment." *Cave v. Stone*, 2021 WL 4427451, at *9 (S.D. Fla. Sept. 27, 2021) (*citing Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson*, 236 So. 2d 1, 4 (Fla. 1970)). Though Florida allows for certain limited exceptions to this general rule, BONYM's motion does not constitute "either a motion for new trial under [Florida Rule of Civil Procedure] 1.530 or a motion to amend under Rule 1.540." *Id.* at 10.

BONYM does not argue this court has jurisdiction to entertain this motion beyond asserting the court's final judgment "reserved this Court's jurisdiction 'to enter further orders that are proper.'" (Doc. 59, p. 2) (*citing* (Doc. 50, p. 3)). However, the court's final judgment clearly states jurisdiction was to be "*for a period of one (1) year from the date of this Final Judgment* in order to enter further orders that are proper." (Doc. 50, p. 3). Over four years have passed since this court's final judgment was affirmed by the Eleventh Circuit. BONYM thus fails to establish an independent basis for the court's jurisdiction over this motion.

3

## III.   CONCLUSION

This report therefore **RECOMMENDS** BONYM's Motion to Reschedule

Sale (Doc. 62) be **DENIED** for lack of jurisdiction.

**ENTERED** in Tampa, Florida on May 24, 2022.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4