UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BANK OF NEW YORK MELLON
AS TRUSTEE FOR NATIONSTAR
HOME EQUITY TRUST 2007-A,

   Plaintiff,

v.                                                Case No: 8:15-cv-2954-JSM-AAS

JANICE L. PEDERSEN and STEPHEN J.
PEDERSEN,

   Defendants.

## **ORDER**

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by Magistrate Judge Amanda Arnold Sansone (Dkt. 65) and Plaintiff's Objection to the Report and Recommendations (Dkt. 66). After careful consideration of the Report and Recommendation of the Magistrate Judge, Plaintiff's Objections, and in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be rejected.

Specifically, Plaintiff Bank of New York Mellon (BONYM) moves to reschedule a foreclosure sale as part of the final judgment in this matter. (Dkt. 62). To be clear, the Court had already entered the Final Judgment of Foreclosure in Rem (Dkt. 50) and the foreclosure sale was scheduled. Defendants Stephen Pederson and Janice Pedersen then appealed, and the Court cancelled the foreclosure sale upon the parties' motion.

On December 18, 2017, the Eleventh Circuit affirmed the Court's grant of final judgment in Plaintiff's favor. Curiously, Plaintiff waited nearly four and a half years after the Eleventh Circuit affirmed the final judgment to move the Court to reschedule the foreclosure sale. Defendants argue the foreclosure sale cannot be rescheduled because the Court no longer possesses jurisdiction over this matter.

The Magistrate Judge's Report and Recommendation agrees with Defendants. The Magistrate Judge points out that the Court's final judgment clearly states jurisdiction was to be "for a period of one (1) year from the date of this Final Judgment in order to enter further orders that are proper." (Dkt. 50, p. 3). The Magistrate Judge then concludes that, since over four years have passed since the Court's final judgment was affirmed by the Eleventh Circuit., Plaintiff "fails to establish an independent basis for the court's jurisdiction over [its] motion." (Dkt. 65).

Plaintiff's Objection argues that the Magistrate Judge neglected to consider Florida foreclosure law on the issue of retaining jurisdiction. The Court reviewed the caselaw referenced in Plaintiff's Objection and conducted its own research on the matter. After reviewing Florida foreclosure law, the Court concludes that, regardless of whether the Court's final judgment retained jurisdiction for one year, there is continuing jurisdiction to reschedule the foreclosure sale.

Notably, the Court had already entered a final judgment of foreclosure in rem. The only remaining matter was for the sale to occur. Florida law makes clear that, absent extraordinary circumstances, a trial court is required to reset a foreclosure sale. *See LR5A-JV v. Little House, LLC*, 50 So. 3d 691, 693-94 (Fla. 5th DCA 2010) (holding that Florida

Statute § 45.031(1)(a) "clearly require[s] the trial court to set a judicial sale date between 20 to 35 days after entry of the final judgment or order directing a judicial sale, but allows an extension with the plaintiff's consent … consistent with the equitable nature of such proceedings."); *Bankers Tr. Co. v. Edwards*, 849 So. 2d 1160, 1162 (Fla. 1st DCA 2003) ("[Bank] is entitled to have the property sold and the proceeds applied against the foreclosure judgment."); *First Nationwide Sav. v. Thomas*, 513 So. 2d 804, 805 (Fla. 4th DCA 1987) (reversing permanent cancellation of a foreclosure sale because "[a] lender has the right, under the statutes, except under extraordinary circumstances not found in this record, to proceed with the sale of any real estate on which it has successfully foreclosed its mortgage."); *A Mortg. Co. v. Bowman*, 642 So. 2d 123, 124 (Fla. 4th DCA 1994) ("With respect to the cancellation and rescheduling of foreclosure sales, absent extraordinary circumstances, a mortgagee has the right to proceed to sale on any property on which it has successfully foreclosed its mortgage."); *Bankers Tr. Co. of California v. Weidner*, 688 So. 2d 453 (Fla. 5th DCA 1997); *Republic Fed. Bank, N.A. v. Doyle*, 19 So. 3d 1053 (Fla. 3d DCA 2009).

      Here, the record is bereft of an "extraordinary circumstance" that would justify permanent cancellation of the foreclosure sale. Again, the Court underscores that Plaintiff already successfully foreclosed its mortgage. Accordingly, Plaintiff's motion to reschedule the sale must be granted—indeed, the relevant law reflects that it would be reversible error to permanently cancel the sale. *See Bowman*, 642 So. 2d at 124 ("By refusing to enter an order rescheduling sale, the trial court abused its discretion.").

It is therefore **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation (Dkt. 65) of the Magistrate Judge is rejected.

2. Plaintiff Bank of New York Mellon's Motion to Reschedule Foreclosure Sale (Dkt. 62) is granted.

3. Plaintiff shall file a proposed Amended Final Judgment of Foreclosure in Rem for the Court's review within seven (7) days of this Order.

4. Plaintiff's proposed final judgment shall include a written indemnification agreement as adequate protection to Defendants against any loss that might occur if a claim were brought by another party to enforce the instrument. *See Blitch v. Freedom Mortg. Corp.*, 185 So. 3d 645, 646 (Fla. 2d DCA 2016) (noting that "this post-proof condition is satisfied through a written indemnification agreement in the final judgment, the posting of a surety bond, a letter of credit, a deposit of cash collateral with the court, or such other security as the court may deem appropriate under the circumstances."

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of June, 2022.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record